**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RAYSHECA HILL,

            Plaintiff,

v.

                                         Case Number:  11-10413

CITY OF DETROIT, RONALD HOPP,
DERON DOTSON, RONALD OWEN,         HON. MARIANNE O. BATTANI
JOSEPH HARRIS, in their individual and
official capacities,

            Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 23, 2011 ORDER

Before the Court is Plaintiff's "Motion for Reconsideration of Court's June 23, 2011 'Order for Extension of Summons For Defendants Owen and Hopp and Substitute Service for Defendants Owen and Hopp, Only.'" (Doc. 16).  For the reasons that follow, the motion is **GRANTED** to the extent the Court finds that Plaintiff served Defendant Harris pursuant to Rule 4(e)(2)(B) on June 7, 2011.

### I.      BACKGROUND

On June 23, 2011, the Court granted in part and denied in part Plaintiff's Emergency Ex-Parte Motion for Substituted Service and Extension of Summons for Defendants Harris, Owen and Hopp.  (Doc. 13).  Specifically, the Court extended the Summonses for Defendants Owen and Hopp until July 30, 2011 and allowed Plaintiff to serve Owen and Hopp by means of substituted service by serving the City of Detroit, the City of Detroit Law Department, and the front desk officer at Detroit Police Headquarters.  The Order was silent on Plaintiff's request for an extension of summons or substituted service as to

Defendant Harris.  Plaintiff filed a motion for reconsideration of the Court's June 23 Order as it relates to Defendant Harris.  (Doc. 16).

## II.   STANDARD OF REVIEW

The Court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication. E.D. Mich. L.R. 7.1(g)(3).  To obtain the relief requested, the movant must demonstrate: (1) a "palpable defect" by which the court and the parties have been misled and (2) demonstrate that "correcting the defect will result in a different disposition of the case." Id.; see also Graham ex rel. Estate of Graham v. County of Washtenaw, 358 F.3d 377, 385 (6th Cir. 2004).  A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. Armstrong v. Eagle Rock Entertainment, Inc., 655 F.Supp.2d 779 (E.D. Mich. 2009).

## III.   ANALYSIS

In the subject motion, Plaintiff explains she attempted to serve Defendant Harris personally on June 7, 2011, one day after she filed the emergency ex-parte motion and one day before the Harris Summons expired.  Upon arriving at Defendant Harris's last know address which was provided by Defendant City of Detroit (Doc. 6 Ex. D) and confirmed by a public record search (Id. Ex. F), Plaintiff's process server spoke with a man who came to the door and stated that Joseph Harris was in Georgia and would be gone for several months. (Id. Ex. E).  The process server left the Summons and Complaint with the man he spoke with at the home.  (Id.).  Based on this event, Plaintiff asks the Court to modify the June 23 Order in two ways:  (1) extend the Harris Summons by a period of sixty days and (2) permit substituted service as it did with Defendants Owen and Hopp or find that Plaintiff has served Harris pursuant to Federal Rule of Civil Procedure 4(e)(2)(B).

2

Under the circumstances presented, the Court finds that Plaintiff has served Defendant Harris under Rule 4(e)(2)(B).  Rule 4(e)(2)(B) permits service of process to be made upon an individual by leaving a copy of the summons and complaint at the individual's "dwelling or usual place of abode with someone of suitable age and discretion who resides there."  A plaintiff need not show an inability to obtain service by personal delivery to the defendant before serving under Rule 4(e)(2)(B).  See 4A WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 1096 (3d ed. 2011).  Plaintiff satisfied the service requirements under Rule 4(e)(2)(B) by leaving a copy of the summons and complaint with a person of suitable age and discretion residing at Harris's last known address.  (Doc. 6 Ex. E). Plaintiff's requests for an extension of the Harris Summons or substituted service are moot because service was achieved on June 7, 2011.

## IV.    CONCLUSION

For the reasons discussed above, Plaintiff's motion to reconsider the Court's June 23, 2011 Order is **GRANTED**  to the extent the Court finds that Plaintiff served Defendant Harris pursuant to Rule 4(e)(2)(B) on June 7, 2011.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: July 12, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
Case Manager

3