UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYSCHECA HILL,

        Plaintiff,

v.                                                                          CASE NO. 11-cv-10413

CITY OF DETROIT, RONALD HOPP,
DERON DOTSON, RONALD OWN,          HON. MARIANNE O. BATTANI
JOSEPH HARRIS, In their individual and
official capacities,

        Defendants.

_____/

**OPINION AND ORDER**
**GRANTING DEFENDANT CITY OF DETROIT'S MOTION FOR SUMMARY JUDGMENT**

      Before the Court is Defendant City of Detroit's Motion for Summary Judgment (Doc. 30). On June 14, 2012, the Court heard oral arguments on the City's motion and at the conclusion of the hearing took the matter under advisement. For the reasons that follow, the Court **GRANTS** Defendant's motion for summary judgment.

**I.    STATEMENT OF FACTS**

      Defendant City of Detroit employs Defendants Ronald Hopp, Deron Dotson, Ronald Owen, and Joseph Harris as police officers. On May 8, 2008, around 11:00 P.M, Officers Hopp, Dotson, and Owen were patrolling the area of Preston and Ellery in the City of Detroit. (Doc. 30, Ex. A at 1). While patrolling, the officers saw a vehicle make a u-turn and attempted to conduct a traffic stop. The driver of the vehicle pulled into the driveway of 3644 Preston and attempted to flee on foot. Following a short foot

chase, the officers apprehended the suspect. Id.  The parties offer different versions of what happened next.

The City says Officer Hopp returned to investigate the vehicle in the driveway at 3644 Preston.  As Officer Hopp approached the vehicle, Plaintiff Rayscheca Hill, who lived at 3644 Preston came out of the house and started yelling obscenities at Officer Hopp. Id. According to Officer Hopp, Hill "disturb[ed] the peace and good order of the neighborhood" and was subsequently arrested for disorderly conduct, transported to the Detroit Police Department's Northeastern District, and charged with disorderly conduct. Id.

Hill says that she was at her home, 3644 Preston, with a friend, Hassan Crawford. (Doc. 32 Ex. A at 11-12).  From the front door of the home, Hill saw a car parked in her driveway and saw City of Detroit police officers beating a citizen. Id. at 14. Seeing this beating, Crawford yelled that he was going to get his camera. Id. at 15.  Hill asserts that, upon hearing Crawford's statement, Officer Hopp ran to her house, opened the gate to the yard, and barged up to the front porch. Id.  Once on the porch, Officer Hopp began to yell in Hill's face, stomp on her ankles, and "began swinging over her" and striking her in the head with closed fists. Id. at 15, 19, 26.  Another officer joined Officer Hopp and assisted in forcing Hill down the porch stairs, handcuffing her, and throwing her against the police car. Id. at 20-21, 26.  Hill told the officers she was pregnant. Id. at 44.  Finally, the police threw Hill into the squad car, transported her to the police station, and held her for forty-five minutes, without a phone call.  The police did not process Hill and finally released her after she paid fifty dollars. Id. at 24, 46.

According to Hill, she suffered scratches on her ankles, suffers emotional injuries, and endured a high-risk pregnancy. Id. at 27-30.

## II.     STANDARD OF REVIEW

Summary Judgment is appropriate only when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Rule 56 mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Id., 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). The Court "must lend credence" to the non-moving party's interpretation of the disputed facts. Martin v. City of Taylor, 509 F.3d 234, 238 (6th Cir. 2007) (citing Scott v. Harris, 127 S.Ct. 1769, 1775 (2007)). The non-moving party may not rest upon its mere allegations, but rather must set out specific facts showing a genuine issue for trial. See, Fed. R. Civ. P. 56(c)(1). There must be evidence on which

the jury could reasonably find for the non-moving party.  Hopson v. Daimler Chrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

### III. ANALYSIS

As of a result of this alleged excessive force, Plaintiff brought a five-count complaint against Defendants, four counts against the officers and one count against the City. On February 29, 2012, the City moved for summary judgment on the fifth count, the § 1983 Monell claim.

A plaintiff seeking to impose liability on a municipality under 42 U.S.C. § 1983 must show that an underlying municipal "policy or custom" caused the plaintiff's injury. Monell v. New York City Dpt. of Social Servs., 436 U.S. 658, 691 (1978).  For behavior or action to be considered official municipal "policy or custom," it must be so "persistent and widespread . . . [that it has] the force of law."  Id. (quoting Adickes v. S. H. Kress & Co., 398 U.S. 144, 167-68 (1970)).  Additionally, the policy or custom must be the "moving force" behind the constitutional deprivation.  Id. at 694.  This requires that the plaintiff (1) identify the policy or custom, (2) connect it to the municipality and (3) show that the execution of that policy or custom caused the plaintiff's injury.  Garner v. Memphis Police Dept., 8 F.3d 358, 364 (6th Cir.1993).

The City posits that Plaintiff cannot show that it had a policy or custom, promulgated by a policymaker, which was the moving force behind the alleged constitutional rights violations. Plaintiff argues the City had a policy and custom of "reckless and/or deliberate indifference" to Plaintiff's constitutional rights because the City failed to train its officers and failed to supervise or discipline its officers, which resulted in the alleged injury.

4

A. <u>Failure to Train</u>

Plaintiff's proofs are insufficient to establish the "failure to train" theory. Municipal liability under § 1983 is "at its most tenuous where a claim turns on a failure to train." <u>Connick v. Thompson</u>, 131 S. Ct. 1350, 1359, (2011). A plaintiff may establish municipal liability under a claim if she can prove three elements: "(1) that a training program is inadequate to the tasks that the officers must perform; (2) that the inadequacy is the result of the [municipality's] deliberate indifference; and (3) that the inadequacy is closely related to or actually caused [Plaintiff's] injury." <u>Plinton v. County of Summit</u>, 540 F.3d 459, 464 (6th Cir. 2008) (internal quotation marks omitted) (quoting <u>Hill v. McIntyre</u>, 884 F.2d 271, 275 (6th Cir. 1989) (citing <u>City of Canton v. Harris</u>, 489 U.S. 378, 389-81 (1989))). "To establish deliberate indifference, the plaintiff must show prior instances of unconstitutional conduct demonstrating that the [municipality] has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury." <u>Miller v. Sanilac County</u>, 606 F.3d 240, 255 (6th Cir. 2010). A pattern of similar constitutional violations by untrained employees is "ordinarily necessary" to demonstrate deliberate indifference for purposes of "failure to train." <u>Board of County Comm'rs of Bryan County, Okl. v. Brown</u>, 520 U.S. 397, 408 (1997). However, "a single violation of federal rights, accompanied by a showing that a municipality has failed to train its employees to handle recurring situations presenting an obvious potential for such a violation, could trigger municipal liability." <u>Plinton</u>, 540 F.3d at 464 (quoting <u>Brown</u>, 520 U.S. at 409). Even in cases where a municipality may not intentionally fail to train its employees, "the need for more or different training [can be] so obvious, and the inadequacy so likely to result in the violation of constitutional rights,

5

that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." City of Canton, 489 U.S. at 390.

To establish Monell liability under this "tenuous" theory, Plaintiff must offer strong evidence on each of the three essential elements. In this case, Plaintiff does not offer any evidence to show the City's training programs were inadequate. Officer Hopp, Officer Dotson, and Officer Owen received excessive force training in the academy. (Doc. 32-33 Ex. B at 10; Doc. 32-35 Ex. D at 10). They also attended the mandatory, annual, forty-hour training sessions provided by the Detroit Police Department. (Doc. 32-32 Ex. C at 10). Although Officer Owen specifically testified that excessive force training was encompassed in this annual training, and the other two officers said it was not, all three of the officers received excessive force training during their careers. Plaintiff does not offer any evidence to show that this training was inadequate or any expert evidence to suggest that the training was constitutionally deficient.

Even if the City's training is inadequate, Plaintiff also must demonstrate that the inadequacy is the result of the City's deliberate indifference to citizens' rights. To do so, Plaintiff must show a history of constitutional abuse and that the City was clearly on notice that the training in this particular area was deficient. Plaintiff fails to make that showing. She does attempt to suggest a history of abuse by noting that each Defendant officer has faced citizen complaints or lawsuits, but these allegations are unproven and do not show a pattern of abuse. Even construing the officers' depositions in the light most favorable to Plaintiff, the Court cannot make an inference that her allegations demonstrate an obvious need for training reform. Thus, Plaintiff has not offered any evidence to establish a cognizable Monell claim under the "failure to train" theory.

### B. Failure to Supervise or Discipline

Plaintiff also offers insufficient evidence on the "failure to supervise or discipline" theory. A municipality may be liable when its failure to supervise or discipline its law enforcement officials reflects a policy of deliberate indifference to the arrestee's constitutional rights. Leach v. Shelby County, 891 F.2d 1241. 1247-48 (6th Cir. 1989). "Deliberate indifference is a stringent standard of fault . . . ." Brown, 520 U.S. at 410. "To establish deliberate indifference, the plaintiff must show prior instances of unconstitutional conduct demonstrating that the [municipality] has ignored a history of abuse and was clearly on notice that the training [or supervision] in this particular area was deficient and likely to cause injury." Miller, 606 F.3d at 255 (internal quotation marks and citation omitted). Additionally, a plaintiff must show "a history of widespread abuse that has been ignored by the city," to succeed on a failure to discipline claim. Berry v. City of Detroit, 25 F.3d 1342, 1354 (6th Cir. 1994).

Again, Plaintiff relies solely on unproven allegations in untried lawsuits and unsubstantiated citizen complaints to show that the City failed to supervise or discipline the officers. Plaintiff has not supplied any documentation to support these allegations, aside from the depositions. Mere allegations are insufficient to establish the City's deliberate indifference to citizen rights. Therefore, Plaintiff has failed to set out specific facts showing a genuine issue for trial.

### IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion for summary judgment (Doc. 30).

**IT IS SO ORDERED.**

7

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: June 29, 2012

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record via the Court's ECF Filing System.

s/Bernadette M. Thebolt
Case Manager
